**In re Theodore A. KALLI and Frankie B. Kalli, Debtors.**

**Theodore A. KALLI and Frankie B. Kalli, Plaintiff,**

v.

**CONTINENTAL BANK, Defendant.**

**Bankruptcy No. 83–106.
Adv. No. 83–0091.**

United States Bankruptcy Court,
D. Vermont.

Sept. 28, 1983.

Paul S. Kulig, Rutland, Vt., for debtors.

Linda Reis, South Royalton, Vt., for Continental Bank.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

### FACTS

The debtors filed on May 23, 1983 for relief under Chapter 7 of the Bankruptcy Code (Code). In their petition, the debtors each claimed an exemption of $7,500.00 in value of real property that the debtors use as a residence, as provided for in Code section 522(d)(1). On July 18, 1983, the court ordered the release of the debtors from all dischargeable debts, no objection to the discharge of the debtor having appeared in the case. There was in this case also no complaint to determine the dischargeability of any debt.

In January 1983, the Continental Bank (Bank), a creditor in this proceeding holding a dischargeable claim in the amount of $17,-418.38 for monies loaned upon promissory notes, had recorded in the land records of the Town of Mendon, Vermont, a writ of attachment in the amount of $17,303.99 against the residence of the debtors. Subsequently, in March 1983, the Bank recorded in the land records of Mendon, Vermont, an order of judgment in the amount of $17,418.38. After receiving their discharge from all dischargeable debts, including the debt to the Bank, the debtors moved, on July 25, 1983, to set aside the Bank's judicial lien.

### DISCUSSION

It is well settled that a valid pre-petition lien that is not avoided during bankruptcy proceedings is not extinguished by the discharge of a debtor and remains enforceable *in rem* after the discharge. *Matter of Cassi,* 24 B.R. 619, 625 (Bkrtcy.N.D.Ind.1982) citing *In re Coots,* 4 B.R. 281 (Bkrtcy.S.D.Ohio 1980); *In re Cornist,* 7 B.R. 118 (Bkrtcy.S.D.Cal.1980); *In re Grimes,* 6 B.R. 943 (Bkrtcy.D.Kan.1980); *In re Honaker,* 4 B.R. 415 (Bkrtcy.E.D.Mich. 1980); *In re Hotel Associates, Inc.,* 3 B.R. 343 (Bkrtcy.E.D.Pa.1980); *In re Meyers,* 2 B.R. 603 (Bkrtcy.E.D.Mich.1980); *In re Robertson,* 4 B.R. 213 (Bkrtcy.D.Colo.1980); *In re Williams,* 7 B.R. 234 (Bkrtcy.M.D.Ga. 1980); *In re Bell,* 8 B.R. 549 (Bkrtcy.E.D. Mich.1981); *In re Berry,* 11 B.R. 886 (Bkrtcy.W.D.Pa.1981); *In re King,* 15 B.R. 548, 5 C.B.C.2d 754 (Bkrtcy.M.D.Pa.1981); *In re Sillani,* 9 B.R. 188 (Bkrtcy.S.D.Fla. 1981); *In re Weathers,* 15 B.R. 945, 8 B.C.D. 524 (Bkrtcy.D.Kan.1981). Valid liens not avoided during bankruptcy proceedings are preserved even as against exempt property. 3 *Collier on Bankr.* (15th ed. 1979 rev. 1983) [*Collier*] ¶ 522.27 at page 522–76. Hence, exempt property is not protected from the enforcement of valid liens. *Id.* citing House Report No. 95–595, 95th Cong., 1st Sess. 361 (1977); Senate Report No. 989, 95th Cong.2d Sess. 76 (1978), U.S.Code Cong. & Admin.News, p. 5787. While the discharge in bankruptcy discharges the debtor from personal liability, it does not destroy a judgment lien on property set apart to the debtor as an exempt homestead. *Collier* at *id.* n. 1.

Nevertheless, Code section 522(f) allows the debtor to avoid the fixing of a judicial lien, such as the instant lien, to the extent that such a lien impairs an exemption, such as the debtor's homestead exemption. Code section 522(f) provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien..." The fixing of a lien may be avoided under section 522(f) even after the debtors have received their discharge. *Collier* at *id.* page 522–80 and at *id.* n.a. citing *Matter of Baskins,* 14 B.R. 110, 5 C.B.C.2d 130 (Bkrtcy.E. D.N.C.1981). *In re Newton,* 15 B.R. 640, 5 C.B.C.2d 843 (Bkrtcy.W.D.N.Y.1981); *In re Gortmaker,* 14 B.R. 66, 5 C.B.C.2d 127 (Bkrtcy.D.S.D.1981); *In re Bennett,* 13 B.R. 643, 4 C.B.C.2d 1317 (Bkrtcy.W.D.Mich. 1981). *Contra, In re Adkins,* 7 B.R. 325, 2 C.B.C.2d 1228 (Bkrtcy.S.D.Cal.1980).

The determination of whether and to what extent a lien impairs an exemption is based on the equity of the debtor in the property at the time the petition for relief is filed. *In re Rappaport,* 19 B.R. 971, 6 C.B.C.2d 749 (Bkrtcy.E.D.Pa.1982). The value of the lien that exceeds the amount that is exempted may still be enforced by the creditor. *Collier* at *id.* In the instant case, there was competent testimony at the hearing to establish the value of the homestead property at $72,000.00 as of the day the petition was filed. With respect to a federal tax lien recorded against the homestead property on January 16, 1982, in the amount of $15,605.36, the debtors testified that a current balance of $7,360.00 exists on a balance of $7,182.57 outstanding as of the date the petition for relief was filed. The substance of this testimony was not disputed; the tax lien balance outstanding appears as $7,182.57 in the debtors' chapter 13 statement. It was also established at the hearing that the debtors' homestead property is subject to a mortgage with an outstanding balance, as of the date of the petition, of $47,631.69, and is additionally subject to a further tax lien in the amount of $54.31, recorded against the homestead property on September 20, 1982.

| | | |
|---|---|---|
| fair market value of residence | | $72,000.00 |
| less: liens senior to that of judgment creditor: | | |
| mortgage | | $47,631.69 |
| tax lien, January, 1982 | | 7,182.57 |
| tax lien, September, 1982 | | 54.31 |
| | 54,868.57 | |
| debtors' equity in homestead | 17,131.43 | |
| less: | | |
| homestead exemption ($7,500.00 x 2) | 15,000.00 | |
| | $ 2,131.43 | |

The balance over, in the amount of $2,131.43, is the amount of the Bank's lien not avoidable under Code section 522(f), being the extent to which the Bank's judgment lien of March, 1983 does not impair the debtors' homestead exemption.

As the homestead exemption was effective as of the date the debtors filed their petition for relief, March 23, 1983, the judicial lien of the Bank against the residence of the debtors is enforceable in the amount of $2,131.43, together with interest on $2,131.43 at the legal rate beginning March 23, 1983.

### ORDER

In accordance with the foregoing, it is

ORDERED that the Motion of the debtors to set aside the judicial lien of the Continental Bank is granted to the extent of the value of their homestead exemption, *i.e.,* $15,000.00, and DENIED to the extent of the value of the remaining equity, *i.e.,* $2,131.43, of the debtors in the homestead property as of the date of the petition for relief.