In re Felix A. BUSBY, Winny A. Busby, Debtors.

Bankruptcy No. 183–31530–21.

United States Bankruptcy Court, E.D. New York.

Oct. 9, 1984.

Jeff L. Greenup, New York City, for debtors.

Kenneth Kirschenbaum, Garden City, N.Y., for Chapter 13 trustee.

## OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

The Chapter 13 Trustee is objecting to the fee charged by the attorney for the debtors as excessive. According to the statement filed pursuant to Rule 2016(b) the debtors have agreed to pay Mr. Greenup a fee of $3,500.

It is unclear from the file whether Mr. Greenup has completed his services to these debtors. If he has, the fee appears to be clearly excessive; if he has not, the Court will delay action on the trustee's objection until all the work is done.

According to the petition, when the debtors consulted Mr. Greenup they were indebted to seven creditors in addition to the Internal Revenue Service and the company, Fidelity Bond and Mortgage Company ("Fidelity"), which held a mortgage on their home. Four of the seven debtors held judgments which probably are liens against their real estate. The Internal Revenue Service is described in the petition as having a tax lien of $45,328.18. Fidelity claimed the mortgage debt to be $44,-122.33.

The only asset owned by the debtors is their residence which they said had a market value of $50,000 at the time they filed and with respect to which they claimed a $7,500 exemption. They were entitled to, and could have, claimed a $20,000 exemption.

According to the debtors' Chapter 13 statement, Mrs. Busby is an unemployed housewife and Mr. Busby's present income is less than $20,000 per year. They have five dependents; four children ranging from 7 to 20 and a grandson.

The Chapter 13 plan submitted by them and confirmed by the Court requires payment of $1,000 monthly to the Chapter 13 Trustee for a period of 36 months. Pursuant to a separate agreement the IRS is to receive $100 a month directly from the debtors. Out of the $1,000, the Chapter 13 Trustee is to pay both arrears and present mortgage payments to Fidelity and "fifty cents on the dollar" to unsecured creditors. The plan lists as unsecured creditors all the debtors' creditors, including those holding judgment liens.

Claims have been filed by the three creditors not holding judgment liens: Consolidated Edison Company of New York ($384.83), the Parking Violations Bureau of the City of New York ($175) and Brooklyn

Union Gas Company ($2,277.43). Of those holding judgment liens, Davis & Warshaw, Inc. and Joan Charles have never even received notice of the proceeding since the notices mailed them have been returned to the Bankruptcy Court by the Post Office. Their judgments total $14,221. One judgment creditor, Rose Safron has filed a claim for $1,449.50 (she also objected to confirmation of the plan because it failed to pay her 100% of her judgment). The fourth judgment creditor, General Motors Acceptance Corp., has filed no claim; its judgment is for $661.35.

Because Fidelity was owed $44,122.33 at the time the debtors filed for relief under Chapter 13, which, together, with the debtors' homestead exemption, exceeds the value of the debtors' sole asset, the literal requirements of the Code would have been satisfied had the debtors paid unsecured creditors a nominal, or even a zero, amount since creditors would still be receiving more than they would had the debtors filed under Chapter 7. 11 U.S.C. § 1325(a)(4). Only the Parking Violations Bureau might have ultimately received more under Chapter 7 than under Chapter 13 since such debts are not dischargeable in straight bankruptcy. 11 U.S.C. § 523(a)(7). By undertaking to pay 50% of their claims to unsecured creditors, rather than zero or 10%, the debtors are expending out of their limited funds, $2,500 more than the law arguably requires. This sum represents 50% of the filed claims plus the trustee's commission on the payment of such claims.

It may be that the decision to pay creditors more than the bankruptcy law requires was voluntarily made by Mr. and Mrs. Busby despite the needs of their small dependents. Before passing on the reasonableness of the fee charged by Mr. Greenup it will be necessary for the Court to know whether they were advised of their options before this onerous obligation was undertaken.

However, the debtors cannot be aware that the great efforts they are making to satisfy Fidelity's mortgage may all inure to the benefit of their judgment creditors, rather than to themselves. The notice of the debtors' plan sent all creditors by the court read in part:

> "Secured claims are to receive the value of the property upon which each claimant has a non-voidable lien, with the balance, if any, as unsecured.

> "If judgment liens and non-purchase money, non-possessory liens on exempt property as described in 11 U.S.C. 522(f) are avoided, claims based upon such liens are to be treated as unsecured claims."

From the facts recited in the petition it appears that all the judgment liens on the property of the debtor could be avoided under 11 U.S.C. § 522(f), particularly if the debtors claimed the $20,000 homestead exemption to which they are entitled.

11 U.S.C. § 522(f) permits a debtor to avoid a judicial lien that impairs an exemption to which he is entitled. Thus to the extent that any judgment lien reduces the value of the debtors' homestead exemption it is appropriate for the debtors to take steps to avoid it. Avoidance of the judgment lien may now be done by motion under Rule 9014. Bankruptcy Rule 4003(d). Formerly an adversary proceeding was required. Former Bankruptcy Rule 701. However, as of now Mr. Greenup has done nothing to avoid the liens held by the various judgment creditors on the debtors' real estate. Listing judgment creditors as unsecured in the debtors' plan does not avoid the liens they hold on the debtors' real estate.

"It is well settled that a valid pre-petition lien that is not avoided during bankruptcy proceedings is not extinguished by the discharge of a debtor and remains enforceable *in rem* after the discharge." *In re Kalli*, 34 B.R. 191, 192 (B.Ct.Vt.1983) and cases there cited. What this means in plain English is that after Mr. and Mrs. Busby complete their Chapter 13 plan, Rose Safron or any of their other judgment creditors can take away their home to pay off whatever

remains unpaid on the creditor's judgment debt. As to the three creditors who have not filed claims, this means the whole amount due them.

It may be that even at that late date after the completion of the Chapter 13 plan it may be possible to avoid the liens these creditors now hold, but the law in this area is far from clear and laches might well prove to be a bar.

This Court assumes that the reason Mr. Greenup charged Mr. and Mrs. Busby the high fee he did is because he plans to bring the necessary proceedings to protect his clients in their possession of their home for which they are now paying so dearly. It could not have been his intention to let them pay off the first mortgage only to give the judgment liens a value they currently lack. After the mortgage has been substantially reduced pursuant to the Chapter 13 plan, these liens will become valuable and enforceable, unless they are now avoided. The debtors would have made heroic efforts to build up equity in their home for the benefit of their judgment creditors. They will be worse off financially after they have completed their plan than they are now.

Because this Court wishes to wait to see what else Mr. Greenup does in this case it will not at this time pass upon the reasonableness of his fee. Before proceeding further, therefore, the Court requests Mr. Greenup to advise it if he has completed his services to Mr. and Mrs. Busby in connection with the Chapter 13 proceeding. At the same time Mr. Greenup is ordered to advise the Court if he disagrees in any respect with the Court's discussion of the facts and/or the applicable law.

Upon receiving Mr. Greenup's response this Court will take whatever action is appropriate in light of that response.

The Clerk of the Court is directed to send a copy of this Opinion to Mr. Greenup, to the Chapter 13 Trustee and to the debtors.

SO ORDERED.