**In the Matter of Fred William GRUBE and Judith Grube, Debtors.**

**Bankruptcy No. 82–00942.**

United States Bankruptcy Court, D. New Jersey.

June 19, 1985.

Meryl A.G. Gonchar, Greenbaum, Rowe, Smith, Ravin, Davis & Bergstein, Newark, N.J., for debtors.

Linda Irene Greene, for Westvaco Corporation.

## OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

The above debtors seek to avoid the lien of Westvaco Corporation (Westvaco), assignee of judgment creditor Chemical Bank, pursuant to 11 U.S.C. § 522[f]. Subject judgment lien resulted from a September 18, 1981 Superior Court judgment (Doc. No. J1704–81) entered in favor of Chemical Bank against the Grubes in the sum of $81,371.81 plus costs. On May 11, 1982, Chemical Bank assigned their judgment to Westvaco.

On February 18, 1982, debtors filed a joint voluntary Chapter 7 petition. The above noted judgment in favor of Chemical Bank was listed in debtors' Statement of Affairs.[1] Also listed was debtors' residence located in Ridgewood, New Jersey, valued therein at a current market value of $201,000. In addition, liens encumbering this property were listed, totaling in amount some $198,000. The listed market value of $201,000 was based on an appraisal prepared by Dean E. Cole, C.T.A., dated October 1, 1984.

On June 4, 1982, the trustee filed a notice of her proposed abandonment of the Ridgewood property. Absent objections and the consideration of the Court, the abandonment, as provided in the notice, became effective on June 16, 1982. An order approving abandonment was not entered until May 20, 1983, when the trustee filed her final report certifying that the case was completed and requesting on order approving the abandonment.[2]

On July 9, 1982, debtors were released from all debts. Thereafter, on October 18, 1982, debtors filed a Chapter 13 petition. The debtors had proposed a plan to cure the arrearages on the three mortgages encumbering the Ridgewood property. On July 12, 1983, the plan was confirmed by this Court. During the spring of 1983, when debtors sought to sell the Ridgewood property, they became aware of Westvaco's judgment lien position. It also appears that the judgment lien had not been avoided in the Chapter 7 proceeding. On August 29, 1983, the Chapter 13 petition was dismissed. On October 3, 1983, the debtors moved to avoid the judgment lien.

In August of 1983 and prior to the filing of the within motion, the debtors sold the Ridgewood property for $280,000. After payment of the costs of sale and the three mortgages, approximately $32,000 remains, which sum was placed in an escrow fund. Westvaco claims that, after debtors receive their allowed exemption amount from the proceeds in the escrow fund, Westvaco should receive the residual based upon their judgment lien. In addition, Allstate Enterprises, Inc. seeks a payment from the fund in satisfaction of its judgment in the

---

1. The schedules were never amended to reflect the assignment to Westvaco.

2. In light of the procedure adopted by the trustee, notice and hearing, a formal order does not appear to be required.

sum of $5,487.88.[3] Debtors acknowledge that part of the funds held in escrow should be paid to Allstate. After payment of Allstate's judgment, debtors argue that the funds remaining in escrow should be paid to them. Debtors maintain that, pursuant to § 522[a][2], the value of the Ridgewood property in the debtors' estate is fixed at the fair market value as of the date of the filing of the petition, which, as noted earlier herein, had a market value of $201,000. The debtors insist that the subsequent sale price of $280,000 in August, 1983 is irrelevant for purposes of a judicial lien under § 522[f].

 Section 522[f] provides, in pertinent part:

[f] Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection [b] of this section, if such lien is—

[1] a judicial lien;

The general issue is whether Westvaco's lien impairs debtors' claimed exemption, thereby permitting them to avoid its lien. Specifically, however, the precise issue to be resolved is what date should be utilized in deciding whether the lien impaired debtors' exemption. This issue is easily disposed of by decisional law. In *Rappaport v. Commercial Banking Corporation (In re Rappaport )*, 19 B.R. 971, 973 (Bankr.E. D.Pa.1982), a case with facts identical to those herein, the court explained: "the value of the debtor's property for the purpose of deciding whether a lien is avoidable under § 522[f] of the Code should be determined as of the date of filing of the debtor's petition." *Accord Kalli v. Continental Bank (In re Kalli )*, 34 B.R. 191, 193 (Bankr.D.Vt.1983).

 In *Kalli, supra*, the court noted that "[t]he fixing of a lien may be avoided under section 522[f] even after the debtors have received their discharge." *Kalli, su-*

pra, at 192 (citations omitted). Thus, the debtors are not untimely in the filing of the instant motion.

The Court finds that the relevant date to consider for the purpose of § 522[f] is February 18, 1982, when the Ridgewood property had a current market value of $201,000, as evidenced by the appraisal report of Dean Cole. With mortgages against the property in the amount of $198,000 and debtors' claimed exemption of $15,000, Westvaco's judicial lien impaired debtors' exemption.

Based upon all of the foregoing, debtors' motion to avoid the fixing of Westvaco's lien is granted. Submit an order in accordance therewith.

---

**3.** Allstate's judgment arises out of this Court's decision, following a trial, wherein Allstate's

judgment was declared nondischargeable.