**In re Raul Rene TRUAN and Ismelda Truan, d/b/a A & R Masonry, Debtors.**

**BLACK BROLLIER BUILDING MATERIALS, Plaintiff,**

v.

**Raul Rene TRUAN and Ismelda Truan, d/b/a A & R Masonry, Defendants.**

**Bankruptcy No. 87–07770–H3–7.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

May 31, 1990.

**10**

Elizabeth Payte, Houston, Tex., for debtors.

Janet Casciato, Houston, Tex., trustee.

Daniel Bedinger, Porto, Trueheart & Harper, Houston, Tex., for Black Brollier Bldg. Materials.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for hearing on February 1, 1990, Debtors' Motion to Avoid Judicial Lien, and after considering the testimony, pleadings, memoranda and arguments of counsel, this court makes the following finding of fact and conclusions of law and enters a separate judgement in conjunction herewith granting the motion to avoid lien. To the extent any findings of fact herein are construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law herein are construed to be findings of fact, they are hereby adopted as such.

### Findings of Fact

Debtors filed a joint petition for relief under Chapter 7 of the Bankruptcy Code on August 11, 1987. Debtors elected to take the federal exemptions pursuant to 11 U.S.C. Section 522(d)(1) of the Bankruptcy Code. Debtors claimed as exempt the following real property as their homestead: 9228 Cornett, Houston, Harris County, Texas as more fully described in Exhibit "A" of Debtors' Motion to Avoid Lien.

At the time of filing of the petition, Debtors had equity in their homestead in the amount of $11,000.00. This amount was calculated by taking the fair market value of $50,000.00 and subtracting the consensual liens of $39,000.00. Debtors' exemptions were allowed by the Trustee appointed to this case.

Respondent Black–Brollier, Inc. alleges Debtors may claim an exemption of only $7,500.00 under Section 522 of the Bankruptcy Code. Black–Brollier, Inc. agreed at hearing that it is the holder of a judicial lien and not a statutory lien. Furthermore, it is clear from the schedules that the lien was based upon a debt owing to Black–Brollier which was incurred during the operation of Debtors' business. The schedules reflect the claim on the security is judgement C.C.C.L. # 1 docket # 464685 obtained September, 1986. Black–Brollier is the holder of a judicial lien.

### Conclusions of Law

11 U.S.C. Section 522(d)(1) allows each debtor to exempt up to $7,500.00 of equity in their homestead. Raul Rene Truan and Ismelda Truan have both filed for relief under Chapter 7. Therefore, each Debtor may claim an exemption of $7,500.00 in the homestead which amounts to a combined exemption of $15,000.00. *In re Rappaport*, 6 CBC2d 749, 19 B.R. 971 (Bankr.E.D.Pa.1982).

At the time of filing of the petition, Debtors were entitled to claim an exemption up to $15,000.00 of equity interest in their homestead property pursuant to Section

522(d)(1) of the Bankruptcy Code. At the time of filing, Debtors had equity in their homestead totalling $11,000.00 (fair market value of $50,000.00 less $39,000.00 of consensual liens).

Debtors only have $11,000.00 in equity after deducting the consensual liens. Debtors are entitled to an exemption of $15,000.00. The judicial lien of Black–Brollier impairs Debtors' claimed exemption on their homestead since $11,000.00 in equity remains and Debtors are allowed an exemption of $15,000.00 pursuant Section 522(d)(1). *In re Rappaport, Id.,* at 751, 19 B.R. 971.

Since Black–Brollier's judicial lien impairs Debtors' exempted property, Debtors may avoid the lien *in toto* pursuant 11 U.S.C. Section 522(f). *In re Rappaport, id.,* at 751, 19 B.R. 971. Section 522(f) allows a debtor to avoid a judicial lien and a non-possessory, non-purchase money security interest.

■ The time for determining the value of Debtors' equity is the date on which the petition was filed. *In re Salamone,* 12 CBC2d 517, 46 B.R. 19 (Bankr.E.D.N.Y. 1984). The appropriate time focus for valuation of Debtors' equity for a Section 522(f) lien avoidance proceeding is the date on which the petition was filed. *In re Dvoroznak,* 38 B.R. 178, 182 (Bankr.E.D.N.Y. 1984). Black–Brollier may not claim the Debtors now have sufficient equity in their homestead property to allow for the exemption, consensual liens, and Black–Brolliers judicial lien. Debtors are the parties to benefit from any appreciation in the property's value after the date of filing. *In re Tanner,* 8 BCD 347, 349, 14 B.R. 933 (Bankr.W.D.Pa.1981).

Motion to Avoid Black–Brolliers' lien should be granted. A separate judgement will be entered by the court pursuant to the court's finding of fact and conclusions of law.