**In re Jennifer Lynn HALL and Bradley King Hall, Debtors.**

No. 02–47282–DRD.

United States Bankruptcy Court, W.D. Missouri, Western Division.

June 20, 2005.

David W. Lloyd, Warrensburg, MO, for Debtors.

## MEMORANDUM OPINION

DENNIS R. DOW, Bankruptcy Judge.

The matter before the Court in this case is the motion filed by debtors Jennifer Lynn Hall and Bradley King Hall ("Debtors") to avoid a judicial lien held by creditors Michael and Kathlyn Sauer ("Sauers") on the grounds that it impairs an exemption which the Debtors are entitled to claim in their residential real property. Debtors filed this motion only after reopening their case approximately two years after receiving their discharge. Debtors contend that the Court should value the property as of the date they filed their petition and suggest that if the Court does so, the judgment lien held by the Sauers is clearly avoidable as impairing their homestead exemption, applying the formula contained in 11 U.S.C. § 522(f)(2). The Sauers maintain that circumstances have changed since that time making avoidance of the lien inappropriate and inequitable. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and § 157(a) and (b). This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O). This Memorandum Opinion contains my Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to this matter by Rules 9014(c) and 7052 of the Federal Rules of Bankruptcy Procedure. For all the reasons set forth below, the Court overrules the objection and sustains the motion to avoid the judgment lien held by the Sauers.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on December 30, 2002. In their schedules, they listed their residence, ascribing to it a value of $83,000.00, and identified two liens on the property, in the aggregate amount of $77,301.56, a first lien held by Wells Fargo Home Mortgage in the scheduled amount of $72,490.68 and a second lien held by First Community Bank in the amount of $4,810.88. Debtors claimed the resulting equity of $5,698.44 as exempt on Schedule C on their Schedules of Assets and Liabilities. Before the filing of the bankruptcy petition, the Sauers obtained a judgment against Debtors in the Circuit Court of Johnson County, Missouri, in the amount of $17,038.35. Although that judgment became a lien against their residence pursuant to Missouri law, Debtors did not identify it as such, but did schedule the Sauers as unsecured creditors in the judgment amount. On May 20, 2003, this Court entered a discharge order and a final decree closing the case. No action was taken prior to the case closing to avoid the judicial lien held by the Sauers.

On May 11, 2005, Debtors filed a motion, pursuant to § 350(b) and Rule 5010, to reopen this case for the specific purpose of filing a motion to avoid the Sauers' lien.

On that same date, the Court granted the motion to reopen. The Debtors filed a motion to avoid the judgment lien simultaneously with the motion to reopen. The Sauers have objected claiming that circumstances have changed since the filing of the petition, that the Court should view the facts relevant to lien avoidance from the date of the filing of the motion and that, if it does so, avoidance of their judgment lien would be both inappropriate and inequitable. Specifically, the Sauers note that what motivated the filing of the motion to avoid their lien at this time was a contract which the Debtors have to sell their real estate for the sum of $110,000.00, suggesting that the property has appreciated in value.[1] The Sauers also contend that the amount of the first lien has been reduced, the second lien which existed on the property at the date of the filing of the petition has apparently since been satisfied and that a new lien has been placed on the property in the amount of approximately $24,000.00, which is subordinate to their judgment lien. The Sauers maintain that if the Court applies the lien avoidance formula set forth in § 522(f)(2) utilizing these new facts, the lien would not completely impair the homestead exemption claimed by the Debtors and, therefore, would be avoidable only in part. The Sauers also claim that the Debtors should not be permitted to move to avoid the lien two years after the entry of the order of discharge and suggest that they have been prejudiced by the delay.

## II. DISCUSSION AND ANALYSIS

■ Section 522(f)(1) of the Bankruptcy Code provides that the debtor may avoid a judicial lien "to the extent that such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f)(1). From a procedural standpoint, neither the Bankruptcy Code nor the Bankruptcy Rules place any time limit on the filing of a lien avoidance motion. Rule 4003(d) provides that a lien avoidance request filed by the debtor under § 522(f) must be made by motion in accordance with Rule 9014, but establishes no deadline for the filing of such a motion. However, while there is no express time limitation, such motions are subject to equitable limitations and may be denied for equitable reasons such as prejudice, laches, reliance, estoppel or fraud. *In re Chesnut*, 50 B.R. 309, 311 (Bankr.W.D.Okla. 1985); *In re Jent*, 37 B.R. 561, 564 (Bankr. W.D.Ky.1984); *Rheinbolt v. Credit Thrift of America, Inc. (In re Rheinbolt)*, 24 B.R. 167, 170 (Bankr.S.D.Ohio 1982). As these cases indicate, the mere passage of time is not itself a bar to the filing of the motion unless the lienholder is prejudiced thereby. In this case, however, the Sauers can cite no prejudice which they would suffer from the granting of the motion at this time distinct from that which they would have suffered had the motion been filed prior to the entry of the order of discharge. The Sauers have offered no evidence that they relied in some way on the validity of the judgment lien subsequent to discharge such as by taking any action to enforce it or incurring any expense in that effort. Similarly, they have not established that Debtors are guilty of fraud or any conduct that would warrant their being estopped from seeking avoidance of the lien. Accordingly, they have not demonstrated any

---

**1.** This figure represents what appears to be an appreciation in the value of the property since the entry of the order of discharge resulting from certain repairs or improvements. A new lien placed on the property apparently funded those improvements. The Court does not understand the Sauers to argue that the $110,000.00 figure reflects what the property was actually worth (as opposed to its scheduled value) at the time of the filing of the petition.

prejudice or established any other equitable justification for denying the motion on that ground.

■ At the time the Debtors filed their petition for relief, the applicable homestead exemption limitation, pursuant to Mo.Rev.Stat. § 513.475, was $8,000.00.[2] In 1994, Congress amended § 522(f) to include a formula for the courts to apply in identifying the extent to which a judgment lien impairs an exemption and is thus avoidable. Pursuant to § 522(f)(2), the lien is avoidable if the sum of: (1) the lien; (2) all other liens on the property; and (3) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens. It is quite clear that if the Court applies the values and debt amounts drawn from the schedules and pertinent at the time of the filing of the petition, the judgment lien would be avoided in its entirety. The property had a scheduled value of $83,000.00. The sum of the lien held by the Sauers ($17,038.35), the other liens on the property ($77,301.56) and the Debtors' exemption ($8,000.00) is $102,339.91. The difference, $19,339.91, is in excess of the amount of the lien; the lien would therefore be avoided in its entirety. As the Sauers note, however, circumstances have changed. The Debtors have apparently improved the property and currently have a contract to sell it for $110,000.00. The first lien has been reduced to approximately $70,000.00. The second lien which existed on the property at the time of the filing has apparently since been satisfied or otherwise released.

A new lien exists on the property, the amount of which, according to the testimony is approximately $23,550.00. Applying the formula of § 522(f)(2) utilizing these figures yields a different result. The sum of the lien which the Debtors seek to avoid ($17,038.35), all other liens on the property ($93,550.00) and the Debtors' homestead exemption amount ($8,000.00) is $118,588.35. That figure exceeds the value of the property by $8,588.35, only a portion of the judgment lien amount.[3] Accordingly, the facts squarely present the legal question as of what time the Court should value the property for lien avoidance purposes.

■ Although the Sauers argue that the Court should value the property as of the filing of the motion, they have been unable to cite to the Court any cases adopting that approach. Those courts that have considered the question have apparently uniformly held that the appropriate time for determining the value of the property subject to a lien which the Debtors seek to avoid under § 522(f) is the date on which the petition was filed. *Black–Brollier Building Materials v. Truan (In re Truan)*, 121 B.R. 9, 11 (Bankr.S.D.Tex. 1990) ("Black–Brollier may not claim the Debtors now have sufficient equity in their homestead property to allow for the exemption, consensual liens, and Black–Brollier's judicial lien. Debtors are the parties to benefit from any appreciation in the property's value after the date of filing."); *In re Girard*, 98 B.R. 685, 686 (Bankr. D.Vt.1989); *Salamone v. Bank of Commerce (In re Salamone)*, 46 B.R. 19, 21

---

**2.** The increase in the homestead exemption amount to $15,000.00 is inapplicable to this case as it was filed before the effective date of the amendment.

**3.** The judgment lien is avoidable, at least in part, notwithstanding the fact that it has pri-

ority over the new lien on the property, applying the formula in § 522(f)(2) literally, as the Eighth Circuit has recently indicated that the court must. *In re Kolich*, 328 F.3d 406 (8th Cir.2003).

(Bankr.E.D.N.Y.1984); *In re Dvoroznak,* 38 B.R. 178, 182 (Bankr.E.D.N.Y.1984); *Rappaport v. Commercial Banking Corporation (In re Rappaport),* 19 B.R. 971, 973 (Bankr.E.D.Penn.1982).

Two principles underlie the choice of the date of filing as the appropriate point in time at which to value the property for lien avoidance purposes. First, the filing of the petition is the focal point traditionally used for determining what property constitutes property of the estate and also for determining what property should be set aside to the debtor as exempt and thus removed from property of the estate. It seems equally appropriate to use that date for determining the value of property claimed as exempt and the implication for certain lienholders of allowing that exemption. *Dvoroznak,* 38 B.R. at 182. Second, assessing value as of the date of the filing of the petition and granting debtors the benefit of any increase from that date to the date of the filing of the motion for lien avoidance is consistent with the legislative history establishing the purpose of the lien avoidance provision and its role in ensuring the fresh start granted by the discharge. *Dvoroznak,* 38 B.R. at 182 ("To allow lien creditors to defeat a motion under § 522(f) by claiming the right to equity in exempt property accrued post-petition will thwart the debtor in his 'fresh start'."); *Rappaport,* 19 B.R. at 973 (§ 522(f) "intended to aid the debtor's fresh start and to insure that the debtor's post-petition efforts enure to his benefit and not to the benefit of his creditors.") Debtors clearly could (and probably should) have avoided the lien at any time before the case was originally closed. Recognizing that, by applying the same set of facts which would have been before the Court had the motion been filed at that time seems appropriate, limited only by the application of equitable principles when the delay and change in circum-

stances result in undue prejudice to the creditor.

For all the reasons stated above, the Court overrules the Sauers' objection to Debtors' motion to avoid their lien on the Debtors' residential real estate.

A separate Order will be entered in accordance with Rule 9021.