In re Robbie L. OGLESBY, Debtor.

No. 04–38823.

United States Bankruptcy Court,
S.D. Ohio,
Western Division,
at Dayton.

Nov. 22, 2005.

Robbie L. Oglesby, Hamilton, Debtor.

Harry B. Zornow, Esq., Hamilton, OH, for the Debtor.

Michael R. Eckhart, Esq., Kettering, OH, for the Queen City Drywall, Inc.

## DECISION ON ORDER GRANTING MOTION TO AVOID JUDICIAL LIENS OF QUEEN CITY DRYWALL INC.

THOMAS F. WALDRON, Bankruptcy Judge.

### Background

On October 11, 2004, Robbie L. Oglesby, the Debtor, filed a chapter 7 bankruptcy. (Doc. 1) On Schedule C, the Debtor claimed exemptions on various parcels of real property. Specifically, the Debtor claimed a $5,000 homestead exemption pursuant to Ohio Revised Code § 2329.66(A)(1) on 6011 Theodore Avenue, Hamilton, Ohio, the Debtor's principal residence. In addition, the Debtor claimed a $1.00 exemption on five other parcels of property using Ohio Revised Code § 2329.66(A)(18), commonly referred to as the Ohio wildcard exemption. The Debtor received a discharge on February 25, 2005. (Doc. 40) The chapter 7 Trustee filed a no asset report on June 30, 2005. (Doc. 64)

On May 31, 2005, the Debtor filed a Motion To Avoid Judicial Liens of Queen City Drywall Inc, (the "Creditor"). (Doc. 50) On June 16, 2005, the Creditor filed a response *pro se*. (Doc. 57) Noting that a corporation cannot appear in this court without counsel, the court gave the Creditor an opportunity to obtain representation and file an appropriate response. (Doc. 60—Order of June 28, 2005) On July 8, 2005, a response was filed by counsel for the Creditor. (Doc. 68)

On July 18, 2005, the court set a pretrial conference for August 24, 2005. (Doc. 71—Order) The parties filed Stipulations on August 23, 2005. (Doc. 73) At the pretrial it was determined, by agreement of the parties, that there were no contested factual disputes and the Debtor's Motion (Doc. 50) presented issues of law which could be determined solely on the

parties' filings. The court set a briefing schedule. (Doc. 74—Order of August 24, 2005) Pursuant to this Order (Doc. 74), the parties filed a Statement of Judicial Notice of Facts Regarding Debtor's Motion To Avoid Judicial Liens of Queen City Drywall, Inc. on September 8, 2005. (Doc. 76) On September 26, 2005, the Debtor filed a Notice of Supplemental Memorandum In Support Of Debtor's Motion to Avoid Judicial Liens Of Queen City Drywall, Inc. (Doc. 79) The Creditor did not file a memorandum in support of its position.

### Jurisdiction

This court has jurisdiction pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference entered in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (K) and (O).

### Stipulated Facts and Analysis [1]

#### A.  Exemption Issues

■■■■ On February 4, 2004, the Creditor filed a judgment lien in the amount of $23,456.52 with the Clerk of Courts, Butler County, Ohio, JD2004–02–0236. The Judgment lien attaches to six parcels of property, which are referenced below.

The Debtor claimed on Schedule C (Doc. 1), a $1 exemption each in five different parcels of property pursuant to Ohio Revised Code § 2329.66(A)(18),[2] customarily referred to as the Ohio wildcard exemption, which states:

Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

\*      \*      \*   .   \*      \*      \*

The person's interest, not to exceed four hundred dollars, in *any property*, except that division (A)(18) of this section applies only in bankruptcy proceedings. (emphasis added)

The five properties are:

- 1550 Pecks Blvd Hamilton, Ohio
- 518 Caldwell Hamilton, Ohio
- 601 Ross Avenue Hamilton, Ohio
- 610 Sycamore Street Hamilton, Ohio
- 602–604 Sycamore Hamilton, Ohio

In addition, the Debtor claimed $5,000 exemption on real property at 6011 Theodore Avenue, Hamilton, Ohio, the Debtor's principal residence, pursuant to Ohio Rev.Code § 2329.66(A)(1)(b), the Ohio homestead exemption.[3]

The Creditor did not specifically object to exemptions claimed by the Debtor. However, in the Creditor's response to the Debtor's Motion to avoid the Creditor's judicial lien held on all six properties, it appears the argument is made that the Ohio wildcard exemption is not available for lien avoidance, since it is restricted to the Debtor's primary residence, and/or is improper to claim on multiple parcels of property.  See Doc. 68.

---

1.  All the facts are included in the *Agreed Statement of Facts Regarding Debtor's Motion To Avoid Judicial Liens Of Queen City Drywall Inc.* (Doc. 73).

2.  See *In re Lewis*, 327 B.R. 645, 648 (Bankr. S.D.Ohio 2005), *citing In re Young*, 93 B.R. 590, 593 (Bankr.S.D.Ohio 1988) ("Ohio has chosen to 'opt-out' of the federal exemptions, and, therefore, exemptions available to debtors in Ohio are based on Ohio law.")

3.  Ohio Revised Code § 2329.66(A)(1)(b) states that: "Every person who is domiciled in this state may hold property exempt from execution. garnishment, attachment, or sale to satisfy a judgment or order, as follows:  (1)(a) ... (b) In the case of all other judgments and orders, the person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence."

■ The Supreme Court of Ohio has consistently held when the language of an Ohio statute is "clear and definite, it must be applied as written." *State v. Anthony,* 96 Ohio St.3d 173, 175, 772 N.E.2d 1167, 1170 (2002) Moreover, as this court has recently noted, "[i]t is a settled law in Ohio that Ohio exemption provisions are to be construed liberally in favor of the debtor and a debtor's dependents and any doubt in interpretation should be in favor of granting the exemption." *In re Lewis,* 327 B.R. 645, 648 (Bankr.S.D.Ohio 2005)

Keeping these principles in mind, the court determines the language of the statutory phrase "any property" does not place any limitation concerning the type of property in which the wildcard exemption may be appropriately claimed. Further, the Court determines the Debtor is not limited to taking some, or all, of the wildcard exemption on a single parcel of property. The court agrees with the analysis in *In re Miller,* 198 B.R. 500, 505–06 (Bankr.N.D.Ohio 1996):

> This Court has found no case law on this issue interpreting the Ohio wildcard exemption. This is due, no doubt, to the relatively small exemption allowed in Ohio (the Federal and many other State exemptions allow a debtor to also use an amount equal to the unused portion of the debtor's homestead exemption as their wildcard exemption), and the case law that has previously existed up to this time in the Sixth Circuit that curtailed the use of a debtor's § 522(f) avoidance powers. However, as noted above, the phrase "any property" used in the wildcard exemptions in other jurisdictions has been universally interpreted very broadly. Further, other Ohio exemptions, such as the homestead, wearing apparel and bedding, household goods, and jewelry exemptions, found in O.R.C. § 2329.66(A)(1)(b), (3), (4)(b), and (4)(c) respectively, specifically state when the

exemption can be applied to only one particular item. Further still, it would be arbitrary and crude to limit the wildcard exemption to one parcel of property, because a "parcel" is only defined as a congruous piece of property, and could contain property which is diverse in other ways, and could be quite large. See *Blacks Law Dictionary, Sixth Edition,* 1990. Allowing the avoidance of the lien on all the property in this case, and not on a case where non-congruous parcels could be more similar and used conjunctively, and be quite smaller, would be ridiculous. Finally, allowing the Debtor to apportion his wildcard exemption among multiple items of property appears to this Court to be the plain reading of the federal as well the state statute. Thus, this Court will allow the Debtor in the case herein to divide his wildcard exemption among all parcels of real property, and avoid the liens thereon.

The court finds the exemptions are properly claimed and are available for lien avoidance on multiple parcels of property.

## B. Lien Avoidance Issues

Although the Debtor's exemptions are properly claimed and are available for lien avoidance, the remaining issue is whether the Creditor's lien can be avoided pursuant to 11 U.S.C. § 522(f) on any, or all, of the six properties in this case. See *In re Mangold,* 244 B.R. 901, 904 (Bankr. S.D.Ohio 2000), *citing Holland v. Star Bank N.A. (In re Holland),* 151 F.3d 547, 549 (6th Cir.1998) ("The Bankruptcy Code allows a debtor to avoid judicial liens to the extent that liens impair the debtor's exemption.") 11 U.S.C. § 522(f) states, in relevant part, that:

> (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien

on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien ....

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien,

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.[4]

■■■■ In *Brinley v. LPP Mtge., Ltd. (In re Brinley)*, 403 F.3d 415 (6th Cir. 2005), the Sixth Circuit resolved the proper interpretation of § 522(f). In order to determine if a judicial lien can be avoided, a simple formula is applied. *Id.* at 421. From the value of the property at the time the chapter 7 petition was filed,[5] the proper calculation is to subtract the amount of the lien sought to be avoided, all other liens on the property and the exemption available as if there were no liens on the property. *Id.* at 421–22. A lien is impaired to the extent the value of all the liens and the claimed exemption exceeds the value of the property. *Id.* at 421. To the extent the impairment is more than the value of the Creditor's lien, the lien can be avoided in full. *Id.* If the impairment is less than the value of the Credi-

tor's lien, the lien can only be avoided "to the extent" of the impairment. *Id.* Although bankruptcy law typically looks to state law regarding property rights and lien priorities, the relative priority of the liens under Ohio law is not relevant for purposes of applying § 522(f). *Id.* at 421–22, *citing Kolich v. Antioch Laurel Veterinary Hosp. (In re Kolich)*, 328 F.3d 406, 410 (8th Cir.2003).

■■■■ Although it may appear that the Debtor's claimed exemption of $1.00 is an insignificant amount, the law accords great significance to $1.00 in issues involving lien avoidance. See *Scheuer v. Marine Midland Bank (In re Scheuer)*, 213 B.R. 415, 419 (Bankr.N.D.N.Y.1997) ("On the other hand, if Marine is determined to be secured to the extent of only one dollar, then the Debtors would not be permitted to modify its claim. In other words, a single dollar of value would allow Marine full recovery on its claim."); Accord *In re Neverla*, 194 B.R. 547 (Bankr.W.D.N.Y.1996). See also Keith M. Lundin, Chapter 13 Bankruptcy, Third Ed., Volume 2, § 128.1, page 128–14 (2002). With the *Brinley* standard in mind, the court has determined the Creditor's lien can be avoided on all six properties:

## C. Application to Specific Properties

The *Agreed Statement of Facts Regarding Debtor's Motion To Avoid Judicial Liens Of Queen City Drywall Inc.* (Doc. 73) establishes the agreed value of all the relevant liens and property values.

---

**4.** Subsection (2)(A) of § 522(f) was added as part of the 1994 amendments to the Bankruptcy Code. See *Brinley v. LPP Mtge., Ltd. (In re Brinley)*, 403 F.3d 415, 419 (6th Cir.2005).

**5.** See *In re Hall*, 327 B.R. 424, 427–28 (Bankr.W.D.Mo.2005) ("Those courts that

have considered the question have apparently uniformly held that the appropriate time for determining the value of the property subject to a lien which the Debtors seek to avoid under § 522(f) is the date on which the petition was filed.").

### 602–604 Sycamore Street

The property at 602–604 Sycamore Street, Hamilton Ohio 45011 had a value of $75,000.00 and the Debtor has two mortgages totaling $256,000.00. Without regard to the tax liens, which covers all six properties, and the Creditor's lien (which are discussed below), it is clear that the Debtor's $1 exemption is impaired and the $23,456.52 judicial lien of the Creditor can be avoided in full.

### *The Remaining Five Properties*

The property at 6011 Theodore Avenue, Hamilton, Ohio 45011 had a value of $145,000.00 at the time of filing and the two mortgages of Citifinancial Mortgage total $130.510.00. The Judicial Lien of the Creditor is $23,456.52. The lien of the I.R.S. is $45,065.05. The lien of the State of Ohio is $868.00. The total of the liens and the $5,000 exemption are $204,899.57. Thus, the exemption is impaired by $59,899.57. Since the impairment exceeds the value of the Creditor's lien, the $5,000 exemption is impaired and the judicial lien of the Creditor can be fully avoided as to this property.

The property at 1550 Pecks Blvd had a value of $320,000.00 at the time of filing. The balance from the mortgage with Harrison Building and Loan and a delinquent real estate tax lien is $319,500.00. The Judicial Lien of the Creditor is $23,456.52. The lien of the I.R.S. is $45,065.05. The lien of the State of Ohio is $868.00. The total of the liens and the $1 exemption are $388,890.57. Thus, the exemption is impaired by $68,890.57. Since the impairment exceeds the value of the Creditor's lien, the $1 exemption is impaired and the judicial lien of the Creditor can be fully avoided as to this property.

The property at 518 Caldwell had a value of $30,000.00 at the time of filing. The balance from the mortgage with First Financial Bank and a delinquent real estate tax lien are $26,300.00. The Judicial Lien of the Creditor is $23,456.52. The lien of the I.R.S. is $45,065.05. The lien of the State of Ohio is $868.00. The total of the liens and the $1 exemption are $95,690.57. Thus, the exemption is impaired by $65,690.57. Since the impairment exceeds the value of the Creditor's lien, the $1 exemption is impaired and the judicial lien of the Creditor can be fully avoided as to this property.

The property at 601 Ross Avenue had a value of $78,000.00 at the time of filing. The balance from the mortgage with American General Finance and a delinquent real estate tax lien is $69,722.00. The Judicial Lien of the Creditor is $23,456.52. The lien of the I.R.S. is $45,065.05. The lien of the State of Ohio is $868.00. The total of the liens and the $1 exemption are $139,112.57. Thus, the exemption is impaired by $61,112.57. Since the impairment exceeds the value of the Creditor's lien, the $1 exemption is impaired and the judicial lien of the Creditor can be fully avoided as to this property.

The property at 610 Sycamore Street had a value of $40,000.00 at the time of filing. The balance from the mortgage with Household Bank and a delinquent real estate tax lien is $27,030.00. The Judicial Lien of the Creditor is $23,456.52. The lien of the I.R.S. is $45,065.05. The lien of the State of Ohio is $868.00. The total of the liens and the $1 exemption are $96,420.57. Thus, the exemption is impaired by $56,420.57. Since the impairment exceeds the value of the Creditor's lien, the $1 exemption is impaired and the judicial lien of the Creditor can be fully avoided as to this property.

The remaining issue presented by the Debtor's motion is whether it is appropriate, as in the calculations above, to count

the Creditor's judicial lien, the I.R.S. tax lien and the state of Ohio tax lien separately for each property. However, if the total amount of these liens was only counted once for all the five remaining properties in a hypothetical "mass" sale, the result is the same. After the mortgages and tax liens separately held on each property, and the separate exemption for each property, the *total* net equity left on *all* the properties is $34,934.00.[6] The total of the Creditor's lien ($23,456.52), the I.R.S. lien ($45,065.05) and the Ohio tax lien ($868.00) is $69,390.57. Under this analysis, the total liens on all the properties exceed the net equity on the remaining properties by $34,456.57. Since the impairment of the remaining properties is more than the Creditor's lien, the judicial lien of the Creditor can be fully avoided. The court expresses no opinion on this alternative method of applying *Brinley* where a lien covers multiple properties. Instead, the court finds, for purposes of this decision, whether analyzing each property separately or in the aggregate, the result is the same.

### Conclusion

The Debtor's Motion (Doc. 50) is granted and the judgment lien of Queen City Drywall, Inc., filed with the Clerk of Courts, Butler County, Ohio, JD2004–02–0236, is avoided pursuant to 11 U.S.C. § 522(f).

---

**6.** Based on the stipulations of the parties (Doc. 73) and the court's independent review of the parties' calculations, the net equity in the remaining five properties, without consideration of the I.R.S. lien or the Ohio tax lien, are as follows: 6011 Theodore Avenue— $9,490.00; 1550 Pecks Blvd.—499.00; 518 Caldwell—$3,699.00; 601 Ross Avenue—

$8,277.00 and 610 Sycamore—$12,969.00. As noted earlier, the 602–04 Sycamore property is not considered because it has no net equity based on its two mortgages alone and, therefore the Creditor's lien can be avoided without regard to the I.R.S. lien or the Ohio tax lien.