**In the Matter of Ella Louise HOOPER, Debtor.**

**Ella Louise HOOPER, Plaintiff,**

**v.**

**John M. CAPUTO and Helen A. Caputo, Defendants.**

**Bankruptcy No. 82–1715.**
**Adv. No. 82–2278.**

United States Bankruptcy Court, W.D. Pennsylvania.

May 6, 1986.

Joseph E. Fieschko, Pittsburgh, Pa., for debtor.

Eugene J. Ianuzzi, Altoona, Pa., for defendants.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court is the Debtor's Motion To Avoid A Lien pursuant to 11 U.S.C. § 522(f)(1). Based upon the facts in the instant case and the law on the issue as it stands in the Third Circuit, we find that this lien cannot be avoided.

### FACTS

Ella Louise Hooper (hereinafter the "Debtor") purchased the property in question for $35,200.00. Two encumbrances exist against this property: the first is a judicial lien held by John M. and Helen A. Caputo (hereinafter the "Caputos") in the amount of $6,300.00; the second is a mortgage in favor of Mr. and Mrs. Chester Hooper (hereinafter the "Hoopers"), in the amount of $26,909.98.

On May 1, 1985, Judge Gibson, late of this Court, entered an Order in a related proceeding, which placed a value of $25,000.00 on this property.

## ANALYSIS

The Debtor asserts that by avoiding the Caputos' lien, there will remain an exemption for the Debtor under § 522(d)(1). However, if the lien were avoided, there would still remain the Hooper mortgage, which is $1,909.98 greater than the value of the property. Clearly, even in this instance, there remains no equity in the property to which the Debtor's exemption could attach. The Debtor argues that if the lien is avoided, she can begin to accrue equity in the property as the mortgage is paid, and that she is entitled to take her exemption in this "future equity". It is this "future equity" which she claims is impaired by the Caputos' lien.

Several lower courts have discussed the existence of the Debtor's interest in property when there remains no present equity in the property. These decisions have been split, with some courts avoiding the lien and others declining to do so.

The controlling law in the case at bar is the recent Third Circuit decision in *In re Simonson*, 758 F.2d 103 (3rd Cir.1985). In that case, as in the case at bar, the mortgages on the property exceeded the value of the property. In that case there also existed two judicial liens which attached to the property between the two mortgages. The Debtors in *Simonson* wanted to avoid the liens and then step into the lienholders' priority position in order to take their statutory exemption.

The Court began by asserting that the "interest of the debtor in property" as phrased in § 522(f)(1):

> [w]as intended to mean an interest of the debtor measured by taking into account those interests of other parties which may not be avoided under section 522(f).

*Id.* at 105.

The Court then discussed the factual situation, given its interpretation of the statutory language. Finding that the total of the two outstanding mortgages was $66,460.79, and that the property, once sold, brought only $58,250.00, the Court stated:

> [t]aking into account unquestionably valid first and second mortgages not subject to avoidance under section 522(f) or otherwise, the Simonsons had no equity in their residence. Thus there was no interest of the debtors which could be impaired by the two judgment liens ... Those liens should simply have been left in place.

*Id.* at 106.

Therefore, this Court finds that the judgment lien held by the Caputos, on the property in question is not avoided, as the Debtor has no equity in said property through which to claim an exemption.

An appropriate Order will be issued.