In re Roland GAGLIA, Jr. and Lynn Gaglia, Debtors.

Roland GAGLIA, Jr. and Lynn Gaglia, Movants,

v.

FIRST FEDERAL SAVINGS & LOAN, Equibank, James P. Stampfel and Norma F. Stampfel d/b/a Stampfel's Nursery, Small Business Administration, Respondents.

Bankruptcy No. 85–2556PGH.
Motion No. 86–490.

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 6, 1987.

Kenneth M. Steinberg, Pittsburgh, Pa., for debtor.

Reed J. Davis, Pittsburgh, Pa., for Equibank.

James Lotz, Pittsburgh, Pa., for Small Business Admin.

## OPINION [1]

WARREN W. BENTZ, Bankruptcy Judge.

### Issue

May a Chapter 7 debtor use § 506(d) of the Bankruptcy Code to void the undersecured portion of a mortgage lien on real property where the property has been exempted, abandoned, or otherwise not administered under Bankruptcy Code?

### Jurisdiction

This court has jurisdiction over the parties and subject matter of this action under 28 U.S.C. § 1334 and the General Order of Reference of the United States District Court for the Western District of Pennsylvania dated October 16, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(k).

### Facts

These chapter 7 debtors filed a motion to avoid liens and for determination of secured status asserting the right to do so under Bankruptcy Code § 506 and § 522(f). The motion seeks to avoid the undersecured portion of the mortgage lien presently against their residence at 225 Clearview Avenue, Pittsburgh, Pennsylvania, 15205. That real estate is alleged by the debtors to have a fair market value of $34,000. The answers filed separately by the Small Business Administration and Equibank contend that the value is substantially higher. In our view of the law, the differences are not material.

The debtors have elected in their bankruptcy schedules to take the subject premises as exempt property under "§ 522(d)(1)" asserting that there is "no equity" therein.

The property is subject to a first mortgage in favor of First Federal Savings & Loan with an amount due of $28,873.50 as of March 1, 1986.

The property is also subject to a second mortgage with an amount owing in excess of $200,000, which was given to Equibank and has been assigned to the Small Business Administration. The debtors are asking this court to find that this second mortgage is secured only to the extent that the fair market value of the property exceeds the amount due on the first mortgage, or $5,126.50, ($34,000 minus $28,873.50). The debtors ultimately request an order that the undersecured portion of the Small Business Administration's mortgage lien is void pursuant to § 506(d) of the Bankruptcy Code.

The property is also subject to the liens of three judgments which are subordinate to both of the above mortgages. Debtors' motion also seeks to avoid the liens of these judgments under § 522(f) in order to allow the debtors the benefit of their exemption.

---

**1.** This opinion constitutes this court's findings of fact and conclusions of law as required by Bankruptcy Rule 7052, which is made applicable to this contested matter by Bankruptcy Rule 9014.

*Discussion*

We hold that a chapter 7 debtor may not use § 506(d) to void the undersecured portion of a mortgage lien on real property where the property has been exempted, abandoned or otherwise not administered under the Bankruptcy Code. We rely upon and incorporate herein, to avoid repetition, the reasoning and analysis of *In re Maitland*, 61 B.R. 130 (Bankr.E.D.Va. 1986). As Judge Shelley therein explained, § 506 was intended to value claims and avoid liens against property which is to be administered under the Bankruptcy Code, not property which has been or is to be abandoned or released from the estate. *Maitland*, 61 B.R. at 133.

In *Maitland*, Judge Shelley expressed concern that if § 506 were to operate as the debtors suggested, § 722 would be effectively written out of the Bankruptcy Code since § 722 expressly provides for the redemption of tangible personal property, and therefore, by negative implication does not provide for redemption of real property in the manner suggested by the debtors. *Maitland*, 61 B.R. at 134–35. If we may presume to expand on Judge Shelley's well constructed reasoning, we would observe that § 506(d) applies alike to real and personal property. Hence, *if* it may be used to avoid the undersecured portion of a mortgage debt, it could also be used to avoid the undersecured portion of a perfected security interest in personal property. Such a remedy for a debtor is *better* than that under § 722, because under § 722, the debtor must redeem in cash, whereas under a § 506(d) lien avoidance policy, the debtor would have the option of redeeming in cash, or continuing his monthly payments on the reduced lien. Section 722 would become superfluous.

We perceive § 722 to be a necessary part of the Code since it specifically applies to property which ceases to be part of the bankruptcy estate by exemption or abandonment. By contrast, § 506 only applies to property administered in the estate and not to property exempted, abandoned or otherwise not administered. Without § 722, there would be no right of redemption at all at less than the amount of the debt; with § 722, a debtor has a right of redemption at fair market value as to personal property, which is exempted or abandoned, but not as to real estate.

In that same vein, we would additioally note that if § 506 were to operate as the debtors suggest, § 362(d) would also be effectively written out of the Bankruptcy Code.

Section 362(d) provides that:

On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay ...

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d) (emphasis supplied). The operative word from the undersecured creditor's standpoint is *"shall."* Once the creditor establishes that there is no equity in the property (a fact which will be evident from the debtors' move to void the undersecured portion of the creditor's lien) and that the property is not necessary to an effective reorganization (which, in a chapter 7, is also evident), the court has no discretion to lift or not lift the automatic stay. The court *must* lift the automatic stay so that the secured creditor may pursue his remedy against the liened property for whatever benefit he may perceive.

If § 506 were to operate as the debtors argue, chapter 7 debtors could answer a creditor's § 362(d)(2) motion by setting up a § 506 lien avoidance defense and redeem the real property at market value or reduce his payments, even though the creditor has established a conclusive case for relief from the automatic stay and, under the express language of § 362(d)(2), *must* be granted his request to pursue recovery of his collateral. Such a construction of § 506 would impermissibly write § 362(d)(2) out of the Bankruptcy Code. We are therefore unable to adopt such a construction of § 506.

Under the superseded Bankruptcy Act, there was no provision for voiding a mortgage, in whole or in part. Thus, the interpretation of § 506 urged by debtors would constitute a major change in the rights of mortgage holders. The institution of the automatic stay in the Code as a statutory rule, impinged on the right of the mortgagee to foreclose, but that was immediately balanced by § 362(d), providing for relief from the automatic stay in the circumstances here present, and providing under § 362(e) for automatic relief from the stay if the court does not act within 30 days. This careful tailoring of procedural safeguards to protect any *equity* of the debtor, and yet not delay the foreclosure rights of the mortgagee, does not indicate a Congressional intent to allow avoidance of the mortgage or any part thereof. This statutory scheme in fact recognizes the right of the undersecured mortgage holder to foreclose.

We hesitate to cloud the foregoing discussion on avoidance of mortgages under § 506(d) with a discussion of the avoidance of judicial liens under § 522(f). However, we must turn now to the three judicial liens which the debtor seeks to avoid, which are subordinate to both of the above mortgages. In view of the above discussion and our conclusion that the mortgages are not avoidable, it is seen that the debtor will have no practical interest in proceeding with the issue of the avoidance of the subordinate judgment liens. We address the problem because it is part of the debtors' motion.

■ We hold that the judgment liens in question are not avoidable. The case at bench is squarely within *In re Simonson*, 758 F.2d 103 (3rd Cir.1985), which held that where the unavoidable mortgages exceed the value of the property, there is nothing left for the debtor to exempt. Such is clearly the case here.

The debtors may argue that the mortgage liens should be reduced to equal exactly the value of the mortgaged property and that the debtors' ownership right has value even though the equity is not even $1. While *Simonson* did not address questions under § 506(d), it did clearly address the situation of the undersecured mortgage and ruled that in these precise circumstances, the avoidance of a judicial lien under § 522(f) is not available to the debtor.

### Conclusion

Accordingly, and for the reasons discussed above and in *In re Maitland, supra,* we shall deny by separate order the debtors' motion in its entirety.