In re Robert R. KAISER a/k/a Robert K. Kaiser and Nancy A. Kaiser, His Wife, Debtors.

Robert R. KAISER a/k/a Robert K. Kaiser and Nancy A. Kaiser, His Wife, Plaintiffs,

v.

O.E. PRATHER (Mutual of Omaha), Defendant.

Robert R. KAISER a/k/a Robert K. Kaiser and Nancy A. Kaiser, His Wife, Movants,

v.

O.E. PRATHER (Mutual of Omaha) and James K. McNamara, Esq., Trustee, Respondents.

Bankruptcy No. 89–00173E.
Adv. No. 89–0032.
Motion No. 89–1019.

United States Bankruptcy Court, W.D. Pennsylvania.

Oct. 25, 1989.

---

David M. Mosier, Erie, Pa., for debtors.

Christine H. McClure, Erie, Pa., for defendant.

### OPINION

WARREN W. BENTZ, Bankruptcy Judge.

Debtors filed the within adversary proceeding to avoid the lien of the judgment entered by O.E. Prather ("Prather") in the amount of $5,111.13 on February 10, 1989 upon debtors' residence at 2308 Harrison Street, Erie, Pennsylvania, on the theory that the judgment lien was a preference and was avoidable under § 547 of the Bankruptcy Code.

Debtors' voluntary petition was filed March 29, 1989, within three months of the entry of the judgment.

The defendant offered the debtors' schedules as proof by admission that the residence had a value of $30,000 and was subject to a first mortgage in the amount of $22,000, a second mortgage in the amount of $2,000 and a third mortgage in the amount of $10,000; that is, the unavoidable mortgages totalled $34,000 and the property was admitted to be worth $30,000. Thus, the transfer (the entry of the judgment lien) would not give the judgment creditor, Prather, anything more in a Chapter 7 liquidation than other general unsecured creditors. That is, the Prather lien was valueless as a lien and conferred no added benefit to Prather.

During the pendency of the adversary proceeding, debtors filed a Motion to Avoid the Prather lien under § 522(f) as a judicial lien which impaired debtors' exemptions. Debtors asserted that the outstanding liens on the property were as follows:

| | |
|---|---|
| First mortgage | $22,000 |
| Second mortgage | 10,000 |
| Delinquent taxes | 3,000 |
| Total | $35,000 |

The debtor testified that he purchased the home in December 1986 for $33,000, that he has made some improvements, that the residence is a home for his family (his wife and three children), it is close to schools, the neighborhood is good, his family has friends there, and the intrinsic value of the home to him is an additional $10–12,000 over and above the $35,000 of unavoidable liens. He stated that he could not purchase a comparable home for less than $50,000. The mortgages on the property are paid in a current status and the taxes have been reduced from a $3,000 delinquency on the date of bankruptcy by $1,000, leaving a balance of $2,000.

Prather again offered the debtors' bankruptcy schedules showing the value of the residence at $30,000 and, while the property is listed in Schedule B-4 as property claimed as exempt, its equity value is shown as zero.

■ We conclude that the values as shown on the schedules are not so binding that a party may not, by other evidence or testimony, modify them to the extent present here.

■ Neither side engaged a realtor to make a current appraisal of the property. We have only the testimony of the debtor. However, we regard as more eloquent than the testimony or the bankruptcy schedules the fact that this debtor has maintained current payments on the mortgages, so that, at the time of the hearing, they were current, and not delinquent; also, the tax delinquency had been reduced by $1,000 since the time of the filing of the bankruptcy; also, the debtor has engaged his lawyer to appear and attempt to save his property for him. We regard debtor's actions as evidence that the property is worth in excess of the $35,000 which is the total of the unavoidable liens. Perhaps, had debtor's counsel anticipated the particular arguments involved in this case, he would no doubt have simply stated on the schedules that the property was worth $1 more than the total of the unavoidable liens. And on Schedule B-4, he would have shown the equity being exempted as at least $1 in value.

Our conclusion is that the subject property has value in excess of the unavoidable liens and therefore, § 522(f) of the Bankruptcy Code may be used to avoid the non-consensual judicial lien of O.E. Prather, in accordance with the rulings of *In re Simonsen*, 758 F.2d 103, 12 C.B.C.2d 777 (3d Cir.1985) and *In re Gaglia*, 76 B.R. 82 (Bankr.W.D.Pa.1987). An appropriate order will be entered.