**In re Harry G. WALLS,**
**Maureen V. Walls.**

**Bankruptcy No. 87–47.**

United States Bankruptcy Court,
D. Delaware.

April 10, 1991.

Benjamin F. Shaw, III, Georgetown, Del.

John A. Sergovic, Jr., Georgetown, Del.

HELEN S. BALICK, Bankruptcy Judge.

This is the court's decision on Harry and Maureen Walls' Motion for an Order to Show Cause. That motion must be denied.

The undisputed facts are as follows. GMAC Mortgage Company holds a first lien on the Walls' real estate in the amount of $72,765. Kathryn J. Law is the holder of a judgment in the amount of $5,593.74. The fair market value of the property is $70,000. The Walls were granted a discharge on June 9, 1987. On January 4, 1990, Law filed for a writ of levari facias in the Superior Court of Delaware in an attempt to levy upon the Walls' real estate in execution of her judgment.

The Debtors contend that Law's attempt to levy upon their real estate is a violation of the discharge order.

A discharge in bankruptcy does not extinguish valid liens on property of a debtor. *Estate of Lellock v. Prudential Ins. Co. of America,* 811 F.2d 186, 189 (3rd Cir.1987). A discharge voids and prospectively enjoins collection of a judgment as the *personal liability* of a debtor. 11 U.S.C. § 524. This injunction does not prevent a creditor from enforcing a valid lien on property existing prior to the time of the entry of the order for relief. *Noble v. Yingling,* 29 B.R. 998, 1001 (D.C.Del.1983).

Under Delaware law, the entry of a judgment creates a valid lien against real estate. *In re Andrews,* 22 B.R. 623, 625 (Bkrtcy, D.Del.1982).

The Walls claim that because Law did not file a proof of claim, her judgment is rendered void. A creditor holding a valid pre-bankruptcy lien need not file a proof of claim to preserve its status as a secured creditor. *Id.*

Both parties devote a considerable amount of space in their briefs discussing the issue of lien avoidance. It is clear that in the context of this case this issue simply does not arise. Although § 522(f)(1) permits a debtor to avoid the fixing of a judicial lien on an interest in his property, a debtor may do so only "to the extent that such lien impairs an exemption to which the debtor would have been entitled." A debtor's interest in property is measured by taking into account those interests of other parties which may not be avoided under § 522(f) i.e., consensual liens. *In re Simonson*, 758 F.2d 103 (3rd Cir.1985). In this case, the mortgage of GMAC exceeded the value of the property. Consequently, the Walls had no interest to which an exemption could attach. Absent such equity, the problem of lien avoidance under § 522(f) does not arise.

Law's lien against Walls' real estate passed through the bankruptcy proceeding and subsequent discharge unaffected. Law has not taken any action in violation of the discharge order. Therefore, the action *in rem* may continue in the Superior Court of Delaware.

IT IS SO ORDERED.