**In the Matter of Thomas AREVALO
and Maria Arevalo, Debtors.**

**Bankruptcy No. 91–22616.**

United States Bankruptcy Court,
D. New Jersey.

July 7, 1992.

Robert M. Marshall, Okin, Cohen & Hollander, Fort Lee, N.J., for debtors.

Rene Riverol, Ledesma & Diaz, Union City, N.J., for Maria Donoso.

## OPINION

WILLIAM H. GINDIN, Chief Judge.

### PROCEDURAL HISTORY AND STATEMENT OF THE FACTS

On November 14, 1990, the Superior Court of New Jersey, Law Division, Bergen County, entered a consent order between Maria Donoso ("Donoso") and Thomas and Maria Arevalo ("Debtors") in the amount of $61,800. On November 28, 1990, this judgment was recorded as a lien against two properties owned by Debtors, one located in Hoboken, the other in Hasbrouck Heights. Currently, approximately $49,000 of that judgment remains outstanding.

Debtors filed a petition for relief under Chapter 7 of Title 11 of the United States Code on April 19, 1991. On August 12, 1991, the Trustee filed a notice of proposed abandonment, no objections were received thereafter. Debtors received a discharge under 11 U.S.C. § 727 on October 15, 1991. On the same day, the Debtors filed a motion seeking entry of an order directing the Clerk of the Superior Court to discharge the judgment of record. This motion is presently before this Court.[1] This court has jurisdiction under 28 U.S.C. § 1334. This is a core matter under 28 U.S.C. § 157(b)(2)(K).

---

1. The arguments in this case were formerly heard by the late Honorable Daniel J. Moore, U.S.B.J. District of New Jersey. By consent of all parties, the Honorable William H. Gindin, U.S.B.J., Chief Judge, District of New Jersey is issuing the decision in this matter.

## ISSUE

1. Whether this Court may order the Clerk of the Superior Court to discharge the judgment of record.

## DISCUSSION

"To establish a lien against a judgment debtor's real property, a creditor need only enter a judgment in the records of the Superior Court; a levy and execution on real property owned by judgment debtor are not required." *New Brunswick Sav. Bank v. Markouski*, 123 N.J. 402, 411, 587 A.2d 1265 (1991) (citations omitted). Furthermore, "[a] holder of a docketed judgment has a lien on all real property held by the judgment debtor in the state." *Id.* at 412, 587 A.2d 1265. *See*, N.J.S.A. 2A:16–1; N.J.S.A. 2A:17–17. It is clear therefore, that Donoso's lien against the debtors' properties in Hasbrouck Heights and Hoboken is valid.

■ A discharge in bankruptcy, in and of itself, does not extinguish valid liens on property of a debtor. *Estate of Lellock v. Prudential Ins. Co. of America*, 811 F.2d 186, 189 (3d Cir.1987); *In re Walls*, 125 B.R. 908 (Bankr.D.Del.1991). Debtors argue that they are entitled to discharge of the judgment of record pursuant to 11 U.S.C. § 522(f). That section provides, in pertinent part,

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien; ...

Debtors argue that the lien impairs the exemptions to which they are entitled, affecting their ability to own, mortgage, and convey real property, and their ability to obtain credit. Donoso argues that this motion is premature under N.J.S.A. 2A:16–49.1.

**2.** 11 U.S.C. § 522(b) provides that a debtor may elect to exempt from property of the estate either property listed in § 522(d), to the extent

## I

■ N.J.S.A. 2A:16–49.1 provides that a party may apply for an order directing a judgment to be canceled and discharged of record after one year has elapsed since that party was discharged from his or her debts in a bankruptcy proceeding. The statute was enacted as an ancillary remedy for discharge of judgments, within the state court system, to assure that judgments intended to be discharged under federal bankruptcy law would not continue to remain on record, thereby requiring payment at some time in the future. *Associates Commercial Corp. v. Langston*, 236 N.J.Super. 236, 240–41, 565 A.2d 702 (App. Div.1989) *cert. den.* 118 N.J. 225, 570 A.2d 979 (1989) and *cert. den.* 118 N.J. 229, 570 A.2d 981 (1989). A debtor also may move in federal court to avoid the fixing of a lien under § 522(f)(1) even after the debtors have received their discharge. *Matter of Grube*, 54 B.R. 655, 657 (Bankr.D.N.J. 1985). Thus, the state statute is merely an alternative means to discharge the judgment of record. It in no way prevents this court from properly discharging a judgment before the expiration of the one year period. This motion, therefore, is not premature.

## II

11 U.S.C. § 522(b) provides that a debtor may exempt certain property from the estate.[2] On Schedule B–4 of their petition in bankruptcy, Debtors claimed a $15,000 exemption on the premises here in question, relying 11 U.S.C. § 522(d)(1). Debtors claim their exemption under 11 U.S.C. § 522(d)(1), which provides, in pertinent part, an exemption for,

> The debtor's aggregate interest, not to exceed $7,500 in value, in real property that the debtor or a dependent of debtor uses as a residence....

The record reveals that neither of the properties at issue herein are used as residences by either of the debtors or any of

that it does not conflict with state law, or any property that is exempt under other federal, state or local law.

their dependents.[3] Inasmuch as the purpose of the homestead exemption is to allow debtors to retain equity in property which they occupy, the claimed statutory exemption is not applicable here. *See In re Tomko,* 87 B.R. 372 (Bankr.E.D.Pa.1988).

Although the exemption is not statutorily enforceable, a recent decision by the United States Supreme Court provides that this faulty exemption still must be recognized where there is a failure of both the creditors and the trustee to object to the exemption. *Taylor v. Freeland & Kronz,* — U.S. —, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).[4]

In *Taylor,* the debtor filed for bankruptcy protection while pursuing an employment discrimination suit against Trans World Airlines ("TWA") in state court. In her petition, the debtor claimed as exempt under 11 U.S.C. § 522(d)(11)(E) the money that she expected to recover from her lawsuit.[5] Doubting that the lawsuit had any value, the trustee did not file a timely objection to the claimed exemption.[6] After the decision holding TWA liable was affirmed by the Pennsylvania Supreme Court, the debtor and TWA settled the suit for a total of $110,000. In satisfaction of part of the settlement, TWA issued one check to both debtor and her attorneys ("respondents"). The debtor signed her portion of the check over to respondents in payment of their fees.[7] Upon learning that the debtor's suit settled for a substantial figure, the trustee brought an action in Bankruptcy Court to force the respondents to turn over the money that they had received from the debtor, arguing that it was property of her estate. The respondents argued that the they were entitled to the

fees as the debtor had claimed them as exempt. The trustee responded that the debtor's claimed exemption was not statutorily valid under § 522(d).

The Supreme Court read both Rule 4003(b) and 11 U.S.C. § 522(1) very literally, holding that the trustee could not contest the validity of the claimed exemption after the 30 day period expired, in spite of the fact that the exemption was not apparently valid.

> Davis claimed the lawsuit proceeds as exempt on a list filed with the Bankruptcy Court. Section 522(1), to repeat, says that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." Rule 4003(b) gives the trustee and creditors 30 days from the initial creditors' meeting to object. By negative implication, the Rule indicates that creditors may not object after 30 days "unless, within such period, further time is granted by the court." The Bankruptcy Court did not extend the 30-day period. Section 522(1) therefore has made the property exempt. Taylor cannot contest the exemption at this time whether or not Davis had a colorable statutory basis for claiming it.

*Taylor,* — U.S. at —, 112 S.Ct. at 1648, 118 L.Ed.2d at 287.

■ In accordance with the holding in *Taylor,* therefore this court holds that inasmuch as neither Donoso, nor the Trustee objected to the Debtors' claimed exemption, the exemption is valid.

## III

Having found that the exemption is valid the court must now address the issue of

---

**3.** No dependents were listed on the Debtors' petition.

**4.** On July 8, 1991, the Third Circuit Court of Appeals held that failure to object to claimed exemptions is fatal if made more than 30 days after the first creditors' meeting. Bankr. Rule 4003(b). *Taylor v. Freeland & Kronz,* 938 F.2d 420 (3d Cir.1991). The Supreme Court later affirmed this decision. *Taylor v. Freeland & Kronz,* — U.S. —, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). The first creditors' meeting was held on September 31, 1990. This decision, therefore, applies to this case.

**5.** 11 U.S.C. § 522(d)(11)(E) allows debtor to claim an exemption for a payment to compensate the loss of future earning of the debtor or a dependent to the extent reasonably necessary for the support of the debtor or dependent.

**6.** Bankr.Rule 4003(b) provides that "the trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors...."

**7.** The remainder of the $110,000 was paid by other means.

whether or not the lien can be avoided under 11 U.S.C. § 522(f).

### A.

11 U.S.C. § 522(f)(1) provides that a debtor may avoid a judicial lien on an *interest of the debtor* in property. In the case of *In re Simonson*, 758 F.2d 103 (3d Cir. 1985), the debtors filed a motion under 11 U.S.C. § 522(f)(1) to avoid two judicial liens on their residence. There, the bank holding the judicial liens was also the holder of first and second mortgages, the only other encumbrances on the property.[8] The debtors argued that the sale proceeds should be distributed such that the first mortgage should be satisfied, then an amount equivalent to the judicial liens should be set aside to the extent that they impaired exemptions, leaving the balance of the proceeds to satisfy the second mortgage.[9]

Inasmuch as the proceeds of sale of the property did not satisfy both the mortgages and the judgments, the court held that the debtor had no interest in the property to which an exemption could attach. Construing the specific language of 11 U.S.C. § 522(f)(1), the court stated,

> We think ..., that "an interest of the debtor in property" was intended to mean an interest of the debtor measured by taking into account those interests of other parties which may not be avoided under section 522(f).

> .    .    .    .    .

> Had the property produced at sale proceeds in excess of the consensual liens, which are not subject to avoidance under

section 522(f)(1) or (2), the debtor would have had an exemptable interest in the excess, behind the liens of the first and second mortgages, and would have been entitled to avoid the judgment liens so as to preserve that interest for application of the exemption. We have found no indication in the legislative history of section 522 suggesting that Congress intended it to be a means of creating equity, which did not otherwise exist, in property for the benefit of a debtor.

*Id.*, at 106. *See also In re Walls*, 125 B.R. 908 (Bankr.D.Del.1991); *In re Tomko, supra.*, *In re Bickleman*, 71 B.R. 135 (Bankr. E.D.Pa.1987); *Matter of Hooper*, 60 B.R. 640 (Bankr.W.D.Pa.1986). Accordingly, in the instant case, unless debtors have equity in the property, thereby having an interest in the property, they cannot avoid the lien held by Donoso.

### B.

■ A determination of whether the debtors have equity in the property for the purpose of deciding whether a lien is avoidable under § 522(f) should be determined as of the date of the filing of the debtor's petition. *Matter of Grube*, 54 B.R. 655 (Bankr.D.N.J.1985).

■ Inasmuch as neither party in this case has submitted appraisals of the two properties, a determination of the property values is difficult in the case at bar. All of the documents and testimony by all parties agree, however, that there is no equity in the property.[10] Notably, the Information

---

8. The two judicial liens were recorded in between the recording of the first and second mortgages.

9. Their theory is that under 11 U.S.C. § 522(f)(1) judicial liens may be set aside to the extent that they impair exemptions, and that under 11 U.S.C. § 522(i)(2) "a transfer avoided under ... subsection (f) ... of this section [522] ... may be preserved for the benefit of the debtor to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (1) of this subsection." Read together, according to the Simonsons, section 522(f)(1) and section 522(i)(2) produce the result that they may "avoid the fixing" of the two judgment liens ... on their residence, but "preserve" those

liens so that their $15,000 exemption becomes, ... a lien superior to the second mortgage.
*In re Simonson*, 758 F.2d 103, 105.

10. Curiously, according to the figures included on Schedule D in the bankruptcy petition, debtors would have equity in the property.

However, the value shown on the bankruptcy petition is not so binding that a party may not, by other evidence or testimony, modify it. *In re Kaiser*, 106 B.R. 434 at 435 (Bankr.W.D.Pa. 1989); *See generally In re Windfelder*, 82 B.R. 367 (Bankr.E.D.Pa 1988) (court used testimony concerning the appreciation of property values in the area and deductions for repairs to the property in valuing the property at time petition was filed). (Footnote 10 continued on p. 115)

For Notice of Abandonment and the Notice of Proposed Abandonment both state that there is no equity in either of the properties.[11] The debtors' letter brief in reply to Donoso's opposition to the motion [12] and the testimony on the return date of this motion also indicate that the Debtors lack equity in these properties. Furthermore, testimony on the return date of this motion indicated that a sale of the properties was unlikely to result in enough proceeds to satisfy all of the liens on the properties. Taken together, all other available evidence reveals that the properties' unavoidable encumbrances exceed its fair market value.

## CONCLUSION

While recent case law suggests that the debtors' claimed exemption is valid, in order to avoid a lien on property, debtors must have an interest in that property. The debtors have no equity in the property at issue here, therefore, they may not avoid Donoso's judgment lien.

Based on the foregoing, this Court holds that the Debtors may not avoid under 11 U.S.C. § 522(f)(1) the judicial lien on the properties in Hoboken and Hasbrouck Heights.[13]

The attorney for the Maria Donoso shall submit an order consistent with this opinion within ten (10) days.

| | | |
|---|---|---|
| Hasbrouck Heights: | Value Listed | $325,000.00 |
| | Kearny Federal First & Second Mortgages | $294,540.98 |
| | | $ 30,459.02 |
| Hoboken: | Value Listed | $315,000.00 |
| | Kearny Federal First Mortgage | $161,757.92 |
| | Marino Arevalo's Second Mortgage | $ 60,000.00 |
| | | $ 93,242.08 |

11. Generally speaking, if the Debtors retained any equity in the properties the trustee would not have sought to abandon them.

12. "The debtors in the instant case have no equity in properties listed in the voluntary petition." (Letter Brief in Reply to Maria Donoso's opposition to Debtor's November 12, 1991 Motion, page 4, November 8, 1991).

13. Until recently, courts have suggested that in situations where a debtor cannot use § 522(f)(1) to avoid a lien, a debtor may attempt to do so under 11 U.S.C. § 506(d). However, the recent Supreme Court decision in *Dewsnup v. Timm*, 502 U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), addressed the use of § 506(d). The Supreme Court held that debtors may no longer use § 506(d) to "strip down" liens to the value of the property, as liens should pass through bankruptcy unaffected. Accordingly, the Debtors herein may not look to 11 U.S.C. § 506(d) to avoid these judicial liens.