J-S56032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THOMAS MORGAN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| 3D METAL WORKS, | |
| Appellant | No. 81 MDA 2014 |

Appeal from the Order Entered December 31, 2013
in the Court of Common Pleas of Northumberland County
Civil Division at No.: CV-2013-00151

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED NOVEMBER 19, 2014**

Appellant, 3D Metal Works, appeals from the order enjoining its sale of certain property of Appellee, Thomas Morgan.  We reverse and vacate the injunction.

On June 16, 2011, Appellant acquired a judgment lien against Appellee for unpaid truck repairs.  Appellee filed for Chapter 7 bankruptcy on October 17, 2011.  The bankruptcy court avoided the judicial lien of Appellant on July 24, 2012, and discharged Appellee's debts on October 26, 2012.  Appellant holds a common law repairman's lien on the truck which has remained in its possession since the work was done.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On January 23, 2013, Appellee commenced this action by filing a complaint for injunctive relief and a motion for a "temporary restraining order" in response to Appellant's notice of intent to sell the truck. The court immediately granted the motion and scheduled the matter for a January 28, 2013 hearing. On February 12, 2013, because the parties agreed there were no factual issues in dispute, the court directed them to file memoranda of law in support of their respective positions.

The court, on December 31, 2013, enjoined the sale stating, "although [Appellant] may retain the common law lien it holds on [Appellee's] property, [Appellant] cannot be permitted to sell the vehicle, as the statute authorizing such a sale has been held unconstitutional . . . ." (Order, 12/31/13, at unnumbered page 1 (footnote omitted)). Appellant timely appealed on January 10, 2014.[1]

_____

[1] Pursuant to the court's order, Appellant timely filed a Rule 1925(b) statement on January 24, 2014. The court entered its Rule 1925(a) recorded reasons in lieu of an opinion on May 19, 2014 relying on the reasons set forth in the December 31, 2013 opinion. **See** Pa.R.A.P. 1925.

Initially, we must address the appealability of the underlying order before reaching the merits of the issues presented. "Inasmuch, as the issue of appealability affects our jurisdiction, we may raise it *sua sponte*. As a general rule, this Court has jurisdiction only over appeals taken from final orders. A final order is an order that disposes of all claims." **Altoona Reg'l Health System v. Schutt**, 2014 WL 4360290 at *4 (Pa. Super. filed September 4, 2014) (citations omitted); **see also** Pa.R.A.P. 341. However, Pennsylvania Rule of Appellate Procedure 311(a)(4) carves out an exception for orders that grant or deny injunctions. **See** Pa.R.A.P. 311(a)(4) (providing for interlocutory appeals of injunctions).

*(Footnote Continued Next Page)*

Appellant raises two issues for our review:

I.      Whether the [trial] court erred in determining that ***Parks v. "Mr. Ford"*** [, 556 F.2d 132 (3d. Cir. 1977),] precludes [Appellant] from selling the vehicle on which it holds a common law lien?

II.      Whether the trial court erred in recognizing a common law lien but precluding any means to enforce it?

(Appellant's Brief, at 2 (footnote omitted)).

Our standard of review is well-settled:

Ultimately, the grant or denial of a permanent injunction will turn on whether the lower court properly found that the party seeking the injunction established a clear right to relief as a matter of law.  This inquiry involves a legal determination by the lower court.  Accordingly, appellate review in these cases determines whether the lower court committed an error of law in granting or denying the permanent injunction.  Our standard of review for a question of law is *de novo*, and our scope of review is plenary.

***Rohm and Haas Co. v. Lin***, 992 A.2d 132, 146 (Pa. Super. 2010), *cert.*

*denied*, 132 S.Ct. 852 (2010) (citations and quotation marks omitted).

The statute at issue is as follows:

**§ 11. Procedure for sale of personal property under common law lien**

Hereafter where any person, corporation, firm, or copartnership may have what is known as a "common law lien" for work done or material furnished about the repair of any personal property

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

Here, the December 31, 2013 order is not a final order.  The trial court did not file a separate order on the complaint for injunctive relief and there is no entry of judgment.  (**See** Order, 12/31/13, at unnumbered page 1); **see also** Pa.R.A.P. 341.  However, because the underlying order granted an injunction, our jurisdiction is proper.  **See** Pa.R.A.P. 311(a)(4).

belonging to another person, corporation, firm, or copartnership, it shall be lawful for such person, corporation, firm, or copartnership having said common law lien, while such property is in the hands of the said person, corporation, firm, or copartnership contributing such work and material, to give notice in writing to the owner of the amount of indebtedness for which said common law lien is claimed for the labor and material that has entered into the repair, alteration, improvement, or otherwise, done upon the said property. If the said claim for said work or material is not paid within thirty days the said person, corporation, firm, or copartnership to which said money is due, may proceed to sell the said property, as hereinafter provided: Provided, however, That the owner of said property, if he disputes said bill, may issue a writ of replevin, as provided by law, within the said thirty days, and the said dispute shall be settled in said action of replevin.

6 P.S. § 11.

In its first issue, Appellant argues that "[t]he [trial] court erred in applying the case of **Parks v. "Mr. Ford"**, **supra**, . . . as [its] holding . . . was overturned by the Supreme Court of the United States in **Flagg Bros., Inc. v. Brooks** [436 U.S. 149 (1978)]." (Appellant's Brief, at 3) (footnote omitted). We agree in part and disagree in part.

> A discharge in bankruptcy does not extinguish valid liens on property of a debtor. A discharge voids and prospectively enjoins collection of a judgment as the *personal liability* of a debtor. [The] injunction does not prevent a creditor from enforcing a valid lien on property existing prior to the time of the entry of the order for relief.

**In re Wells**, 125 B.R. 908, 909 (Bkrtcy. D. Del. 1991) (emphasis in original and citations omitted). **See also**, **In re Northrup**, 220 B.R. 855, 863 (Bkrtcy. E.D. Pa. 1998) (holding that common law lien retained until entire secured lien liquidated).

"[I]t is well-settled that this Court is not bound by the decisions of federal courts, other than the United States Supreme Court . . . however, we may use them for guidance to the degree we find them useful and not incompatible with Pennsylvania law." *Eckman v. Erie Insurance Exchange*, 21 A.3d 1203, 1207 (Pa. Super. 2011) (citations omitted).

In this case, in support of its argument, Appellant relies on federal caselaw and looks to the dissent in *Flagg Bros.*, and its "cit[ing] [*Parks*] as an example of the type of actions which previously had been banned by other courts." (Appellant's Brief, at 4). Appellant further claims that *Parks* is inapplicable because the concern in that case was the lack of the due process requirements of notice and the opportunity to be heard. (*See id.* at 5).[2] Instead, Appellant suggests that Appellee was afforded due process

---

[2] In *Parks*, the case on which the trial court relies here, the Third Circuit specifically addressed the statute at issue in the instant matter and summarized the statutory scheme as follows:

> . . . the garageman may proceed with the sale in the same manner as personal property is sold by a sheriff or constable. The sale is as conclusive to the title conveyed as if sold by a sheriff or constable. After satisfying the amount of the lien and his own costs, the garageman must pay the remainder to the owner upon demand or, if the owner does not demand those funds, to the county treasurer. . . . [S]tate action is present when a garageman sells a customer's vehicle under the statutory scheme just described.

*Parks*, *supra* at 141 (citations and quotation marks omitted). The Third Circuit found state action because the garageman's power to sell the property arises from the statute and:

*(Footnote Continued Next Page)*

- 5 -

when Appellant filed a civil action for the unpaid repair bill, a hearing was held, and judgment was ultimately entered in Appellant's favor. (*See id.*) We are not persuaded by *Parks*, *Flagg Bros.*, or this argument.

*(Footnote Continued)* ————————

> [b]y thus authorizing sales to take place, directing how they are to be carried out, and giving them the effect of judicial sales, Pennsylvania has quite literally delegated to private individuals, powers traditionally exclusively reserved to sheriffs and constables. . . . [T]hat grant of power has the same effect for state action purposes as if Pennsylvania had endowed private individuals with the same authority to arrest suspects and to execute warrants as state and local police possess.

*Id.* (citation and quotation marks omitted).

Therefore, under *Parks*, the statute at issue in the instant matter is unconstitutional because "(1) the garageman need not file a bond to protect the vehicle owner, (2) the vehicle will typically be sold for a price well below its market value, and (3) any vehicle, no matter how valuable, may be sold to satisfy any repairman's lien, no matter how small." *Id.* at 143.

On the other hand, *Flagg Bros.* addressed the self-help provision of the New York Uniform Commercial Code concerning a warehouseman's lien. *See Flagg Bros.*, *supra* at 151. The United States Supreme Court determined that "[t]he proposed sale . . . under [the statute] is not the only means of resolving this purely private dispute." *Id.* at 160.

Therefore, the Court held that there is no state action where the state is "in no way responsible for . . . a [private] decision which the state . . . permits but does not compel, to threaten to sell [a] respondent's belongings." *Id.* at 165.

The Third Circuit revisited *Parks* in light of *Flagg Bros.* in *Chrysler Corp. v. Fedders Corp.*, 670 F.2d 1316 (3d. Cir. 1982), and expressed, in *dicta*, that "[i]t is unlikely that our holding . . . in *Parks* . . . survives *Flagg Bros.* . . . ." *Chrysler Corp.*, *supra* at 1327.

- 6 -

We first note that the parties do not dispute that Appellant has a valid common law lien on Appellee's truck that survives his bankruptcy discharge. (*See* Appellant's Brief, at 3, 5; Appellee's Brief at, 2). Moreover, the bankruptcy court specifically held that Appellant "has an unavoidable common law lien . . . [and] [t]he [j]udicial lien of [Appellant] is avoided." (Bankruptcy Order, 7/24/12, at unnumbered page 1). On October 26, 2012, the bankruptcy court discharged Appellee. (*See* Bankruptcy Order, 10/26/12, at unnumbered page 1).

Accordingly, our review of the record supports the court's finding that Appellant "may retain the common law lien it holds . . . ." (Order, 12/31/13, at unnumbered page 1). However, we disagree with the trial court's reliance on *Parks* because it is not dispositive of this case. Appellant's common law lien survives the bankruptcy discharge and is enforceable. *See In re Wells*, *supra*, at 909; *In re Northrup*, *supra*, at 863.

Therefore, we conclude that the trial court erred in holding that Appellant's sale of the vehicle was precluded by *Parks*. *See Rohm and Haas*, *supra* at 146. Accordingly, Appellant's first issue merits relief.

Next, Appellant argues that "[i]t is impossible to conceive that nearly everyone acknowledges that a repairman has a common law lien on repaired goods in his possession, but has no means to enforce it." (Appellant's Brief, at 6). However, as discussed above, we have found that the trial court erred. Thus, we do not reach the merits of Appellant's second issue. Moreover, this issue is waived.

"Issues not developed by citation to appropriate legal authority are waived." *Cicconi Auto Body v. Nationwide Ins. Co.*, 904 A.2d 933, 938 (Pa. Super. 2006) (citation omitted); *see also* Pa.R.A.P. 2119(a)-(c).

Here, Appellant is advocating for a change in the current law but has failed to cite any caselaw to support its position. (*See* Appellant's Brief at 6). Accordingly, Appellant's second issue is waived. *See Cicconi, supra* at 938; Pa.R.A.P. 2119(a)-(c).

Order reversed and injunction vacated.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/2014